**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DESHADRE SMITH,                          :
                                         :
            Petitioner,                  :
                                         :
VS.                                      :        **7:13-CV-89 (HL)**
                                         :
BRIAN OWENS,                             :
                                         :
            Respondent.                  :
_____:

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition because Petitioner was not "in custody" when the Petition was filed, and because the Petition was untimely filed.   (Doc. 10).

### Background

On October 11, 2001, Petitioner entered guilty pleas to criminal attempt to commit burglary, burglary, and aggravated assault in Thomas County.   (Docs. 1, 12-5, pp. 20-26). Petitioner was sentenced to an aggregate "split" sentence of ten (10) years, five (5) to serve and the balance probated.   (Doc. 12-5, pp. 20-26).   Petitioner appears to have filed his first state habeas petition challenging his 2001 convictions on June 30, 2008; the petition was dismissed due to Petitioner's failure to appear.   (Doc. 12-5, p. 13).

Petitioner filed a second state habeas petition challenging the 2001 Thomas County convictions on June 22, 2011.   (Doc. 12-1).   After an evidentiary hearing was held, the petition was dismissed as untimely.   (Doc. 12-2).   Petitioner's application for a certificate of probable cause to appeal was dismissed on January 7, 2013, and Petitioner's motion for reconsideration was denied on February 4, 2013.   (Docs. 12-3, 12-4).

Petitioner was convicted again in Thomas County on April 23, 2009.   (Doc. 12-6). Petitioner entered a negotiated plea to burglary, robbery, and two counts of entering an

automobile with intent to commit theft.   (*Id.*).   He was sentenced to ten (10) years to serve on both the burglary and robbery counts, and was sentenced to five (5) years to serve on each count of entering an automobile with intent to commit theft.   (*Id.*).   This current federal Petition is not challenging Petitioner's 2009 convictions.

Petitioner signed his federal habeas Petition on May 14, 2013, wherein he challenges his 2001 convictions.   (Doc. 1).   Respondent now moves to dismiss the Petition for lack of jurisdiction, and/or because the Petition is untimely filed.   (Doc. 10-1).

*Lack of Jurisdiction*

Respondent maintains that the Court lacks jurisdiction to hear this case because Petitioner was not "in custody" when he executed and filed his federal habeas Petition.   (Doc. 10-1). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"   *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)).   A petitioner must be "in custody" under the conviction or sentence under attack at the time he files his federal petition.   *Id.* at 490-91.   When the conviction or sentence under attack is *fully expired* at the time the petition is filed, the petitioner is no longer "in custody".   *Id.* at 492.   The possibility that an expired conviction could enhance a future sentence does not meet the "in custody" requirement.   *Id.*

Petitioner's 2001 Thomas County convictions resulted in a ten (10) year sentence, and Petitioner was ordered to serve five (5) years, with the remaining five (5) years probated.   While there is no evidence showing Petitioner's release date, Petitioner's incarceration should have ended in 2006, and his probation should have ended in 2011.   Petitioner did not execute this federal habeas Petition until May 14, 2013.   As there is no evidence that Petitioner was serving a state sentence as a result of the 2001 convictions in May of 2013, Petitioner has not met the "in custody" requirement and the Court lacks jurisdiction.

2

*Statute of Limitations*

Respondent also contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").   Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.   Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".   The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Petitioner filed this habeas Petition challenging his October 11, 2001 convictions.   (Doc. 1).   Petitioner did not file a direct appeal, making the judgment of conviction final on November 12, 2001[1], the date on which the 30-day period for filing a notice of appeal expired.[2]   Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file his state habeas petition by November 12, 2002 to toll the federal limitations period.   Petitioner did not file his first state habeas petition until June 30, 2008 (Doc. 12-5, p. 13), which was approximately five and half years after Petitioner's federal habeas period of limitations ran.   The tolling provision of § 2244(d)(2) therefore does not protect Petitioner.   *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).   As Petitioner did not file any habeas petition until more than one year after his conviction became final, his federal habeas Petition is untimely.

---

[1] The thirty (30) day time period expired on Saturday, November 10, 2001, giving Petitioner until Monday, November 12, 2001 to file his notice of appeal.

[2] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

_Conclusion_

The undersigned finds that the Court lacks jurisdiction because Petitioner was not "in custody" at the time he filed this federal Petition, and the undersigned also finds that this federal Petition is untimely.   Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); _Slack v. McDaniel_, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 9th day of January, 2014.

s/ **_THOMAS Q. LANGSTAFF_**
**UNITED STATES MAGISTRATE JUDGE**

llf

4