**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**DESHADRE SMITH,**

    Petitioner,

v.

**BRIAN OWENS**,

    Respondent.

Civil Action No. 7:13-CV-89 (HL)

**ORDER**

Before the Court is Petitioner's "Appeal to U.S. Magistrate Judge's Recommendation" (Doc. 21), which the Court construes as a motion for reconsideration of its Order (Doc. 20) adopting the magistrate judge's recommendation to dismiss Petitioner's habeas petition. Petitioner's motion is denied since it is nothing more than an attempt to re-litigate old matters.

"A motion for reconsideration made after final judgment falls within the ambit of either [Federal] Rule [of Civil Procedure] 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). Rule 60(b) motions are subject to a "significantly higher standard" than that applied to motions brought under Rule 59(e), which "may not be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." Sherrod v. Palm Beach Cty. School Dist.,

237 F. App'x 423, 425 (11th Cir. 2007) (internal quotations and citations omitted); see also <u>Jones. v. S. Pan Servs.</u>, 450 F. App'x 860, 863 (11th Cir. 2012). With the motion for reconsideration Plaintiff seeks to have the Court consider once again his response submitted on September 27, 2013 (Doc. 17) to Respondent's motion to dismiss the habeas petition. The response was before the magistrate judge when he recommended granting the motion to dismiss and before this Court when it did so. Therefore, the motion for reconsideration is denied since it does nothing more than reiterate old arguments.

**SO ORDERED**, this the 6th day of March, 2014.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**

scr